1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal Bar No. 168646
2  ALYSSA SONES, Cal Bar No. 318359
   1901 Avenue of the Stars, Suite 1600
3  Los Angeles, California  90067-6017
   Telephone:  (310) 228-3700
4  Facsimile:  (310) 228-3701
   Email:         ccardon@sheppardmullin.com
5                    asones@sheppardmullin.com

6  DANE C. BRODY CHANOVE, Cal. Bar No. 345843
   12275 El Camino Real, Suite 100
7  San Diego, California 92130-4092
   Telephone:     (858) 720-8900
8  Facsimile:     (858) 509-3691
   Email: dbrodychanove@sheppardmullin.com

9
   *Attorneys for Defendant*
10 JILL ACQUISITION LLC

11

                    UNITED STATES DISTRICT COURT
12
                   SOUTHERN DISTRICT OF CALIFORNIA
13

14
   | ANNETTE CODY, individually and on behalf of all others similarly situated, | Case No. **'25CV937   TWR KSC** |
   |---|---|
   | Plaintiff, | **DEFENDANT JILL ACQUISITION LLC'S NOTICE OF REMOVAL** |
   | v. | [Superior Court of California, County of San Diego, Case No. 25CU013438C] |
   | JILL ACQUISITION LLC, a Delaware entity, d/b/a WWW.JILL.COM, | |
   | Defendant. | |

-1-

SMRH:4917-4068-7148.1                                          NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Jill Acquisition LLC ("Defendant") hereby removes the above-titled action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.  INTRODUCTION

On March 14, 2025, Plaintiff Annette Cody ("Plaintiff") filed a Class Action Complaint ("Complaint") on behalf of herself and a putative class of other similarly situated consumers in the Superior Court of California for the County of San Diego, entitled *Annette Cody v. Jill Acquisition LLC*, Case No. 25CU013438C.

Defendant hereby removes this class action to this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), for the reasons set forth below.

## II.  REMOVAL UNDER CAFA IS PROPER

1. Under CAFA, federal courts have jurisdiction over putative class actions if: (a) any member of the plaintiff class is a citizen of a State different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

2. As set forth below, this action is removable under CAFA because at least one putative class member is a citizen of a State different from that of Defendant (who is not a state, state official, or other government entity), there are more than 1,000 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A.  Minimal Diversity Exists

3. Under CAFA, minimal diversity exists where any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

4. The Complaint alleges Plaintiff is a California citizen. (Compl. ¶ 4.) It also alleges that the putative class members were in California while making their purchases from Defendant. (*Id.* ¶ 24.)

5. Defendant is a Delaware limited liability company with its principal place of business in Quincy, Massachusetts. Declaration of Gerardo Cortina ("Cortina Decl.") ¶ 4. *See* 28 U.S.C. § 1332; *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) (holding that a "limited liability company is an 'unincorporated association' as used in § 1332(d)(10)"); *Callaway v. Anheuser-Busch Companies, LLC*, No. CV 24-704, 2024 WL 1122415, at *1 (C.D. Cal. Mar. 14, 2024) (same; collecting cases). Thus, Defendant is a citizen of both Delaware and Massachusetts. *Id.*

6. Because at least one member of the putative class is a citizen of a state different from Defendant, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

**B.** **Defendant Is Not A State, State Official, Or Government Entity**

7. Defendant is not a state, state official, or government entity. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

**C.** **The Putative Class Exceeds 100 Class Members**

8. Plaintiff alleges that there are "at least 50 members of the Class." (Compl. ¶ 26.) Specifically, during the statute of limitations period (which began to run on March 14, 2022), more than 1,000 consumers within California purchased one or more of Defendant's products from Defendant's Website at a purported discount from a higher reference price. Cortina Decl. ¶ 2. The putative class thus exceeds 1,000 members.

**D.** **The Amount In Controversy Exceeds $5,000,000**

9. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the Complaint does not include a specific total monetary

demand—and Defendant denies that it has any liability, or owes any damages, to Plaintiff or any putative class—the amount in controversy requirement is met.

10. The Complaint in this action alleges that Defendant has violated California's False Advertising Law ("FAL"), including subsection 17501. (Compl. ¶ 34.) Included in the putative class are all "persons who purchased one of more of Defendant's products from Defendant's website while in California within the statute of limitations period at a purported discount from a higher reference price." (*Id.* ¶ 24.) Plaintiff seeks all available legal, equitable, and declaratory relief on behalf of herself and the putative class—but is otherwise vague as to how, exactly, this relief would be measured. (*Id.*, Prayer for Relief, ¶ b.)

11. Plaintiffs bringing false advertising claims under section 17501 frequently seek complete restitution in the form of a full refund of the purchased product. *See, e.g.*, *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2017 WL 1957063, at *10 (N.D. Cal. May 11, 2017) ("Plaintiffs proffer that they are entitled to receive as restitution a full refund for every dollar spent purchasing the garments at issue."); *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 530 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) ("Plaintiff's 'complete restitution' proposal contemplates that defendant 'offer her (and each class member) the opportunity to rescind his or her transaction(s), return the products purchased, and obtain a full refund. . . . Under this method, there is no need to measure the value of the benefit received by Plaintiff because she would be required to return the products she purchased.'"). During the statute of limitations period beginning March 14, 2022, Defendant generated more than $5,000,000 in revenues from the sale of discounted items on the Website. Cortina Decl. ¶ 3. As such, assuming for purposes of removal that Plaintiffs are entitled to seek complete restitution, the minimum amount in controversy is over $5,000,000.

12. The Complaint also alleges that Defendant has violated California's Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et seq.* (Compl., ¶ 37.) In addition to all available legal, equitable, and declaratory relief, Plaintiff also seeks statutory damages. (*Id.*, Prayer for Relief, ¶ b.) Under the CLRA, the minimum award for actual monetary

damages is $1,000 for each act of deception or fraud committed against a consumer. Cal. Civ. Proc. Code § 1780(a)(1).

13. Plaintiff additionally requests attorneys' fees. (Compl., Prayer for Relief, ¶ d.) Although Defendant denies that Plaintiff is entitled to such fees, the Court should take attorneys' fees into account in ascertaining the amount in controversy even where an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Similarly, the cost of complying with injunctive relief may be considered in determining the amount in controversy. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). Therefore, Plaintiff's broadly alleged claims for legal, equitable, and declaratory relief; statutory relief; and attorneys' fees place more than $5,000,000 at issue in this action. As such, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

## III. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

14. This Notice of Removal contains a "short plain statement of the grounds for removal," and copies of the Complaint and any other process, pleadings, and orders that Plaintiff served on Defendant as of the date of the Notice of Removal are attached collectively as **Exhibit A**. 28 U.S.C. § 1446(a).

15. This Notice of Removal is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Defendant was served with the Complaint on March 21, 2025 and is filing this Notice of Removal within thirty days of service. (*See* Ex. A.)

16. Venue is proper in the United States District Court for the Southern District of California because this action was filed and is pending in the Superior Court of California, San Diego County, which is within this District. 28 U.S.C. §§ 1441(a), 1446(a).

17. Defendant will promptly file the Notice to Superior Court and Adverse Party of Removal to Federal Court attached hereto as **Exhibit B** with the State Court and provide a copy of the same to Plaintiff. 28 U.S.C. § 1446(d).

18. By removing the action to this Court, Defendant does not waive any defenses that are available to it under state or federal law. Defendant expressly reserves all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry

of judgment pursuant to Federal Rule of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## IV. CONCLUSION

19. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Defendant respectfully removes this action from the Superior Court of California, San Diego County, to the United States District Court for the Southern District of California.

Dated: April 18, 2025                SHEPPARD MULLIN RICHTER & HAMPTON LLP

By      */s/ P. Craig Cardon*
             P. CRAIG CARDON
             ALYSSA SONES
             DANE C. BRODY CHANOVE

             *Attorneys for Defendant*
             JILL ACQUISITION LLC

SMRH:4917-4068-7148.1                                                             NOTICE OF REMOVAL