SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
JAY T. RAMSEY, Cal Bar No. 273160
ALYSSA SONES, Cal Bar No. 318359
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E mail:  ccardon@sheppardmullin.com
         jramsey@sheppardmullin.com
         asones@sheppardmullin.com

DANE C. BRODY CHANOVE, Cal. Bar No. 345843
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691
E Mail:  dbrodychanove@sheppardmullin.com

*Attorneys for Defendant*
JILL ACQUISITION LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JILL ACQUISITION LLC, a Delaware entity, d/b/a WWW.JILL.COM,<br><br>Defendant. | Case No. 3:25-cv-00937-TWR-KSC<br><br>*Hon. Todd W. Robinson*<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed concurrently with Declaration of P. Craig Cardon and [Proposed] Order*<br><br>Hearing Date:  September 25, 2025<br>Hearing Time:  1:30 p.m.<br>Courtroom:  14A<br><br>FAC Filed:  April 21, 2025<br>Trial Date:  Not Set |

SMRH:4900-3312-3412

Case No. 3:25-cv-00937-TWR-KSC
MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on September 25, 2025 at 1:30 PM, or as soon thereafter as the matter may be heard in Courtroom 14A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101, the Honorable Todd W. Robinson presiding, Defendant Jill Acquisition LLC ("J.Jill") will, and hereby does, move this Court for an Order granting J.Jill's Motion for Reconsideration of Order Denying Defendants' Motion to Compel Arbitration (the "Motion").

  J.Jill brings this Motion pursuant to Fed. R. Civ. P. 59(e), Southern District of California Local Rule 7.1(i), and the Court's inherent power to reconsider and modify an interlocutory order. J.Jill asks the Court to reconsider its Order (1) Vacating Hearing and Taking Motion Under Submission, (2) Denying as Moot Plaintiff's *Ex Parte* Motion to Appear Via Video Conference, and (3) Denying Defendant's Motion to Compel Arbitration (ECF No. 11, the "Order"). Specifically, reconsideration is warranted because the Order does not follow controlling Ninth Circuit authority. Accordingly, J.Jill asks this Court to reconsider and amend its prior Order and that it compel Plaintiff's claims to arbitration.

  This Motion is made following the conference of counsel that took place on July 9, 2025 pursuant to Section III.A.1 of Judge Robinson's Standing Order for Civil Cases. Declaration of P. Craig Cardon ("Cardon Decl.") ¶ 7. Counsel for the parties were unable to resolve any material disputes regarding this Motion and, accordingly, J.Jill understands that Plaintiff intends to oppose the Motion.

  This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of P. Craig Cardon, and all of the pleadings, records, and papers on file herein, as well as such oral argument as may be presented at the hearing on this Motion.

-2-

Case No. 3:25-cv-00937-TWR-KSC
MOTION FOR RECONSIDERATION

SMRH:4900-3312-3412

Dated: July 28, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *P. Craig Cardon*
P. CRAIG CARDON
JAY T. RAMSEY
ALYSSA SONES
DANE C. BRODY CHANOVE

*Attorneys for Defendant*
JILL ACQUISITION LLC

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 7

II. LEGAL STANDARD ON MOTION FOR RECONSIDERATION ............... 7

III. RECONSIDERATION IS WARRANTED BECAUSE THE ORDER COMMITS CLEAR ERROR ....................................................................... 8

    A. The Order Conflicts With Binding Ninth Circuit Precedent .................. 9

    B. The Order Misapplies *Sellers*, *Godun*, *Keebaugh*, and *Chabolla* And Improperly Creates A Bright-Line Rule That No Contract Is Formed When A "Guest" Makes A Single Online Purchase ............... 10

    C. The Order Establishes A Dangerous Precedent That Would Upend An Entire Body Of Caselaw Compelling Arbitration Of Claims Based On Single-Purchase Transactions .................................. 14

IV. CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amarel v. Connell*
   102 F.3d 1494 (9th Cir. 1996) ................................................................................... 7

*Berman v. Freedom Fin. Network, LLC*
   30 F.4th 849 (9th Cir. 2022) ....................................................................................... 8

*Chabolla v. ClassPass Inc.*
   129 F.4th 1147 (9th Cir. 2025) ........................................................................... 10, 13

*Godun v. JustAnswer LLC*
   135 F.4th 699 (9th Cir. 2025) ............................................................................... 8, 12

*Hong v. StubHub, Inc.*
   No. 2:24-CV-03318-SB-JC, 2024 WL 4720924 (C.D. Cal. Sept. 9, 2024) ............... 14

*Karim v. Best Buy Co.*
   No. 22-CV-04909-JST, 2023 WL 3801909 (N.D. Cal. June 2, 2023) ....................... 14

*Keebaugh v. Warner Bros. Entm't Inc.*
   100 F.4th 1005 (9th Cir. 2024) ............................................................... 8, 9, 12, 13

*King v. Villegas*
   No. 1:17-cv-00676-JLT-EPG (PC), 2023 WL 4627687 (E.D. Cal. July 19, 2023) .... 10

*Oberstein v. Live Nation Ent., Inc.*
   60 F.4th 505 (9th Cir. 2023) ..................................................................................... 8, 9

*Patrick v. Running Warehouse, LLC*
   93 F.4th 468 (9th Cir. 2024) ............................................................................. 8, 9, 10

*Perfect 10, Inc. v. Giganews, Inc.*
   No. 2015 WL 1746406 (C.D. Cal. Mar. 6, 2015) ...................................................... 10

*Primacy Eng'g, Inc. v. ITE, Inc.*
   No. 318CV01781GPCMDD, 2019 WL 2059668 (S.D. Cal. May 9, 2019) ................ 8

*Roberts v. Obelisk, Inc.*
   No. 18CV2898-LAB (BGS), 2019 WL 1902605 (S.D. Cal. Apr. 29, 2019) .............. 14

*Sch. Dist. No. 1J v. ACandS, Inc.*
   5 F.3d 1255 (9th Cir. 1993) ........................................................................................ 8

*Sellers v. JustAnswer LLC*
  73 Cal. App. 5th 444 (2021) .................................................................................... passim

*Smith v. Massachusetts*
  543 U.S. 462 (2005) .......................................................................................................... 7

*Smorowski v. Domino's Pizza LLC*
  No. CV2010739MWFSKX, 2021 WL 4440167 (C.D. Cal. July 23, 2021) ................ 14

*In re Stubhub Refund Litig.*
  No. 20-MD-02951-HSG, 2021 WL 5447006 (N.D. Cal. Nov. 22, 2021) ................... 14

*United States v. Hayat*
  No. 2:05-cr-0240 GEB DB, 2018 WL 558819 (E.D. Cal. Jan. 24, 2018) ..................... 8

*Washington v. Garcia*
  977 F. Supp. 1067 (S.D. Cal. 1997) ......................................................................... 7, 8

*Williams v. Cnty. of San Diego*
  542 F. Supp. 3d 1070 (S.D. Cal. 2021) ........................................................................ 7

Statutes

California's Automatic Renewal Law ................................................................... 11, 12

Cal. Bus. & Prof. Code § 17600 *et seq.* ................................................................. 11, 12

Other Authorities

Fed. R. Civ. P. 59(e) ........................................................................................................ 2, 7

Local Rule 7.1(i) ............................................................................................................... 2, 7

I. **INTRODUCTION**

Defendant Jill Acquisition LLC ("J.Jill") respectfully requests that the Court reconsider its order denying the Motion to Compel Arbitration (the "Motion"), and to grant the Motion instead. In its order denying the Motion (ECF No. 11, the "Order"), the Court found that J.Jill's checkout flow most closely resembled the checkout processes of three Ninth Circuit decisions where arbitration was compelled. Despite that, the Court denied the Motion, holding that the context of Plaintiff Annette Cody's ("Plaintiff") transaction—that is, her purchase of one item as a guest—somehow distinguished this case from the trio of Ninth Circuit cases compelling arbitration and rendered J.Jill's notice insufficiently conspicuous to bind Plaintiff to J.Jill's Terms of Use.

This holding was clear error: (i) it conflicts with binding Ninth Circuit precedent; (ii) it misapplies authority from the California Court of Appeal and the Ninth Circuit to improperly create a bright-line rule that no contract is formed when there is a single online purchase; and (iii) it establishes a dangerous precedent that would conflict with an entire body of caselaw compelling arbitration of claims based on single-purchase transactions. As a result, reconsideration is warranted.

II. **LEGAL STANDARD ON MOTION FOR RECONSIDERATION**

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005); *accord Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Washington v. Garcia*, 977 F. Supp. 1067, 1069 (S.D. Cal. 1997). When a motion for reconsideration is brought, it is "construed as a motion to alter or amend a final judgment, order, or proceeding under Rule 59(e) or 60(b)." *Williams v. Cnty. of San Diego*, 542 F. Supp. 3d 1070, 1071 (S.D. Cal. 2021); *see also* Civ. L. R. 7.1(i). Under those rules, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In addition, "[r]econsideration may . . . be appropriate when a court has misunderstood a party's argument or made an error of apprehension." *Primacy Eng'g, Inc. v. ITE, Inc.*, No. 318CV01781GPCMDD, 2019 WL 2059668, at *3 (S.D. Cal. May 9, 2019) (internal quotations omitted). And "[r]econsideration… is appropriate where a party did not have an opportunity to fully address the basis for the court's ruling." *United States v. Hayat*, No. 2:05-cr-0240 GEB DB, 2018 WL 558819, at *2 (E.D. Cal. Jan. 24, 2018). In short, as this district has held, the Court may reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Washington v. Garcia*, 977 F. Supp. 1067, 1069 (S.D. Cal. 1997) (citation and internal quotations omitted).

### III. <u>RECONSIDERATION IS WARRANTED BECAUSE THE ORDER COMMITS CLEAR ERROR</u>

The Court spends the vast majority of its Order (approximately 19 pages) comparing the visual design of J.Jill's checkout page to the webpages in five Ninth Circuit cases. In two of those cases—*Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) and *Godun v. JustAnswer LLC*, 135 F.4th 699, 709 (9th Cir. 2025)—the Ninth Circuit held that the notices of the applicable terms of use on those webpages were insufficient. In the three others—*Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023); *Patrick v. Running Warehouse, LLC*, 93 F.4th 468 (9th Cir. 2024); and *Keebaugh v. Warner Bros. Entm't Inc.*, 100 F.4th 1005, 1020 (9th Cir. 2024)—the Ninth Circuit held that the notices were sufficient because, among other things, the notices were conspicuously displayed directly above or below an action button, the "Terms of Use" hyperlinks were distinguished from the surrounding text by customary design elements denoting the existence of a hyperlink, and the webpages were not cluttered and did not distract

from the notices.  *See Oberstein*, 60 F.3d at 516; *Patrick*, 93 F.4th at 477; *Keebaugh*, 100 F.4th at 1020–21.

In its Order, the Court found that, "[o]n the whole, the notice at issue here more closely resembles those in *Oberstein*, *Patrick*, and *Keebaugh*," where arbitration was compelled.  (Order at 19.)  Despite that, the Court concluded that because Plaintiff "did not create an account with Defendant, electing instead to check out as a 'guest'" (*id.* at 20), this case is distinguishable "from those in which the Ninth Circuit has found that the context of the transaction would put a user on inquiry notice that use of a company's website or services constituted an agreement to its terms and conditions, including an arbitration provision."  (*Id.* at 20–21.)

The Order was manifest error and should be reconsidered for the following reasons.

### A.     The Order Conflicts With Binding Ninth Circuit Precedent

The Order's holding conflicts with the Ninth Circuit's decision in *Patrick v. Running Warehouse*.  In that case, seven customers of defendant Running Warehouse, each of whom had purchased a product on one of Running Warehouse's websites, sued Running Warehouse following a data breach that had exposed their private information.  Running Warehouse moved to compel arbitration, and the Ninth Circuit affirmed the district court's order granting the motion.  The Ninth Circuit explained that "[d]uring the checkout process, each Defendant's website provides an option for consumers to either proceed straight to checkout or to create an account."  *Patrick*, 93 F.4th at 474.  Critical here, only two of the seven plaintiffs, "Gasnick and Hargrove created accounts;" the remaining five did not.  *Id.*  The Ninth Circuit compelled the claims of <u>all seven</u> plaintiffs to arbitration, noting that "***[r]egardless of whether a consumer chooses to create an account***, he or she must confirm the order by clicking a final button to 'Place Order' or 'Submit Order.' Immediately adjacent to this final button on each website is the following statement: 'By submitting your order you . . . agree to our privacy policy and terms of use.'

Once again, the phrase 'terms of use' is a hyperlink that leads to the respective Defendant's Terms." *Id.* (emphasis added). The Ninth Circuit found that all of the plaintiffs—including those who did not create an account—were on inquiry notice of the terms and compelled all of the plaintiffs to arbitration. *Id.* at 475–77, 481–82.

The Ninth Circuit's decision in *Patrick* thus affirmed an order compelling arbitration even in the context of a single-purchase transaction. The opposite conclusion, which was reached here, necessitates a "wholesale disregard" of the Ninth Circuit's holding in *Patrick*, "fail[ing][] to recognize controlling precedent" and thereby committing clear error. *Perfect 10, Inc. v. Giganews, Inc.*, No. 2015 WL 1746406, at *3 (C.D. Cal. Mar. 6, 2015) (noting that manifest error "is the wholesale disregard, misapplication, or failure to recognize controlling precedent"); *see also King v. Villegas*, No. 1:17-cv-00676-JLT-EPG (PC), 2023 WL 4627687, at *1 (E.D. Cal. July 19, 2023) (citing *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)) ("[I]t is clear error of law to not apply controlling precedent.").

Because the Order was clear, manifest error, the Court should reconsider its Order and enter a new and different order compelling arbitration of Plaintiff's claims.

### B. The Order Misapplies *Sellers*, *Godun*, *Keebaugh*, And *Chabolla* And Improperly Creates A Bright-Line Rule That No Contract Is Formed When A "Guest" Makes A Single Online Purchase

In the Order, to conclude that the context of Plaintiff's transaction warranted denial of the Motion, the Court relied on the California Court of Appeal's decision in *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444 (2021) and the Ninth Circuit cases interpreting it. The Court wrote:

> Although the design of the website alone might support concluding that the notice would be reasonably conspicuous, the Court is required to "consider… the 'full context of the transaction,' . . . such as whether the type of transaction 'contemplates entering into a continuing, forward-looking relationship' that would be governed by terms and conditions." *See Godun*, 135 F.4th at 710 (first

quoting *Sellers*, 73 Cal. App. 5th at 477; then quoting *Keebaugh*, 100 F.4th at 1017) (citing *Chabolla*, 129 F.4th at 1155–56).

(Order at 20.) The Order misapplies these cases, creating from them a bright-line rule that a single-purchase transaction precludes a finding of otherwise sufficient notice.

To start, in *Sellers*, the animating principle of that decision flowed from the particular type of claim asserted, and the law applicable to that claim. There, plaintiffs alleged that, after paying for a $5 trial, JustAnswer enrolled consumers in an automatic renewal membership program without providing clear and conspicuous disclosures and obtaining affirmative consent. Based on these allegations, plaintiffs brought an action against JustAnswer for violation of California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.* ("ARL"). In upholding the superior court's denial of JustAnswer's motion to compel arbitration, the Court noted that the California Legislature has "set forth specifically defined statutory notice requirements pertaining to the enrollment of consumers in such [automatic renewal membership] programs," *Sellers*, 73 Cal. App. 5th 477, and that "the textual notices of the existence of [JustAnswer's] terms are significantly less conspicuous than the statutory notice requirements governing Plaintiffs' underlying claims." *Id.* at 479. As a result, "[e]nforcing a mandatory arbitration provision that includes a class action waiver based on these textual notices—which are less conspicuous than the statutory notice requirements governing Plaintiffs' underlying claims—would permit JustAnswer to end-run around legislation designed to protect consumers in these specific transactions." *Id.* It was within this <u>specific statutory context</u> that the court went on to deny JustAnswer's motion to compel arbitration. Indeed, the court even acknowledged that "none of the federal cases address a transaction that implicates the ARL, or any other similar statute containing a statutory definition of conspicuous notice ***that is directly relevant to the context of the transaction***." *Id.* at

481 (emphasis added).[1]

Of course, this case does not involve California's ARL statute or any other statute implicating a particular type of notice. Put another way, the animating force behind the *Sellers* decision is not present in this case.

In addition, and more generally, as the Court in *Sellers* explained, there "Plaintiffs were attempting to 'start a trial' to determine whether they wanted to use

---

[1] In fact, in *Godun*—involving nearly identical claims under the ARL—the Ninth Circuit <u>explicitly noted</u> that its analysis of "the context of the transaction ***is informed by the fact that there is an automatically renewing subscription at issue***." 133 F.4th at 712 (emphasis added); *accord id.* & n.5 ("*Sellers* considered not only this *sort* of transaction, but a near-identical transaction involving the same website and subscription. . . . As discussed above, the context-of-the-transaction considerations for each of the pages that Plaintiffs saw dovetail with this one and, in turn, with *Sellers*. While justanswer.com's webpage design evolved, the nature and context of the transaction remained, in material respects, fixed for the purposes of our analysis."). In his concurring opinion, Justice Ryan D. Nelson criticized the California Court of Appeal's ruling in *Sellers* on the same grounds as Defendant here:

> A brief comment on the second element of the first step: the context of the transaction. Here, some California caselaw is somewhat hard to parse and has strange implications. *Sellers* addressed a particular California statute—the Automatic Renewal Law (ARL), Cal. Bus. & Prof. Code § 17600 et seq.—in its context-of-the-transaction analysis. *See Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 477–80, 289 Cal.Rptr.3d 1 (2021). It assumes throughout that the substantive ARL law can and should inform or affect consumers' expectations regarding the context of an internet transaction. This makes little sense—if any. After all, the question of contract formation is antecedent to (and analytically independent of) substantive claims. What's more, *Sellers* appears to have applied a "clear and conspicuous" notice requirement—borrowed from California's ARL statute—rather than a "reasonably conspicuous notice" standard. *See Keebaugh*, 100 F.4th at 1020 n.5. So California courts may well want to revisit *Sellers*, which is probably confused as a matter of first principles and certainly confusing as a matter of application.

*Godun*, 133 F.4th at 715 n.1.

the service *at all*." *Id.* at 480 (emphasis added).  Accordingly, this was not a situation that "contemplated some sort of continuing relationship . . . that would require some terms and conditions." *Id.*  By contrast, a consumer, like Plaintiff, who makes a single purchase transaction has *already decided* to use the service of the retailer—that is, to purchase a product from that retailer.  And the consumer is able to contemplate some sort of continuing relationship with that retailer—at least with regard to the product they purchased (i.e., the shipping of that product; the potential return of, and refund for, that product; and, relevant here, any causes of action that may arise in connection with the purchase of that product).   That a plaintiff can be said to have contemplated some sort of, even if minimal, ongoing relationship with the retailer for purposes of binding them to an agreement to arbitrate is therefore much more conceivable where, as here, the claim Defendant seeks to compel to arbitration arises *directly from* the product plaintiff purchased.  (*Compare* Motion at 1–2 (seeking to compel arbitration of claim for false reference pricing *of item purchased* by Plaintiff), *with Sellers,* 73 Cal. App. 5th at 452–53 (seeking to compel arbitration of claim, *not for trial purchased by plaintiff*, but for subsequent and separate automatic renewal).

It is for these reasons—recognizing that one size does not fit all—that the Ninth Circuit authority applying *Sellers* has interpreted the context of the transaction as a "non-dispositive factor" in the court's analysis, rather than a mandatory element.  *Keebaugh*, 100 F.4th at 1019 ("*Sellers*'s focus on the transactional context is an important *factor* to consider and is key to determining the expectations of a typical consumer.  To the extent the district court treated this factor as dispositive, that holding was erroneous." (emphasis in original) (internal citations and quotations omitted)); *see also Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025) ("Viewed as a whole, the 'context of the transaction' at issue here neither weighs in favor of nor against the notice requirement.").

Basing the denial of J.Jill's Motion **solely** on the fact that Plaintiff did not create an account with J.Jill and checked out as a guest,[2] the Order misinterpreted Ninth Circuit authority on the issue—essentially reading into it a rule that a single-purchase transaction precludes, as a matter of law, notice sufficiently conspicuous to bind a consumer to a retailer's Terms of Use. No such brightline rule exists.[3]

### C. The Order Establishes A Dangerous Precedent That Would Upend An Entire Body Of Caselaw Compelling Arbitration Of Claims Based On Single-Purchase Transactions

This Court's decision is contrary to that of numerous other courts, which have compelled arbitration of claims based on single-purchase transactions. *See, e.g.*, *Hong v. StubHub, Inc.*, No. 2:24-CV-03318-SB-JC, 2024 WL 4720924, at *8 (C.D. Cal. Sept. 9, 2024) (compelling arbitration of claim based on single purchase of ticket as guest); *In re Stubhub Refund Litig.*, No. 20-MD-02951-HSG, 2021 WL 5447006, at *5–6, 12 (N.D. Cal. Nov. 22, 2021) (same); *Karim v. Best Buy Co.*, No. 22-CV-04909-JST, 2023 WL 3801909, at *6 (N.D. Cal. June 2, 2023) (same as to single purchase of television set as guest); *Smorowski v. Domino's Pizza LLC*, No. CV2010739MWFSKX, 2021 WL 4440167, at *7 (C.D. Cal. July 23, 2021) (same as to single purchase of pizzas as guest); *Roberts v. Obelisk, Inc.*, No. 18CV2898-LAB

---

[2] *See* Order at 21 ("Viewing the evidence most favorably to Plaintiff **in light of the context of the transaction** and drawing all inferences in her favor, the Court concludes that Defendant has failed to meet its burden of establishing that its notice was sufficiently conspicuous to bind Plaintiff to its Terms of Use, including the arbitration provision." (emphasis added)).

[3] Tellingly, all of the Ninth Circuit cases that the Court cites in support of its finding apply *Sellers* to compel arbitration where the context of the transaction suggests an ongoing relationship, not to bar arbitration where it does not. (*See* Order at 20–21 (citing *Keebaugh*, 100 F. 4th at 1020; *Oberstein*, 60 F.4th at 517; *Lawrence v. Finicity Corp.*, No. 24-1737, Fed. App'x, 2025 WL 547375, at *2 (9th Cir. Feb. 19, 2025)).)

(BGS), 2019 WL 1902605, at *8 (S.D. Cal. Apr. 29, 2019) (same as to single purchase of cryptocurrency mining hardware as guest).

If left unchanged, the Order would stand in stark contrast to the long list of cases compelling arbitration of claims based on transactions with contexts identical to the one at issue here.  This Court's Order would therefore create a dangerous precedent that would threaten to upend well-established authority, underscoring why it is manifestly wrong.

## IV. CONCLUSION

For the foregoing reasons, J.Jill respectfully requests that the Court reconsider its Order and compel Plaintiff's claims to arbitration.

Dated: July 28, 2025                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *P. Craig Cardon*
P. CRAIG CARDON
JAY T. RAMSEY
ALYSSA SONES
DANE C. BRODY CHANOVE

*Attorneys for Defendant*
JILL ACQUISITION LLC